UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
HEATHER ABISSI,

    Plaintiff,

vs.

MICHAEL R. VARBLE & ASSOCIATES, P.C.,
MICHAEL R. VARBLE,

    Defendants.
----------------------------------------------------------X

17 CV 6808 (CS)

**CONSENT JUDGMENT**

WHEREAS, the Plaintiff, Heather Abissi ("Plaintiff" or "Abissi"), brought this action against the Defendants, Michael R. Varble & Associates, P.C. and Michael R. Varble ("Defendants" or "Varble"), pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1140 et seq., and New York Labor Law §§ 193, 215 for retaliatory termination of employment after she reported alleged violations of ERISA and New York Labor Law, and for slander and breach of contract; and

WHEREAS, Defendants have denied the claims asserted against them; and

WHEREAS, after mediation, the parties have agreed to enter into this Consent Judgment to resolve this matter without further contested litigation;

NOW THEREFORE, the terms of this Consent Judgment are as follows:

1. The parties agree that this Court has jurisdiction over them and over the subject matter of this litigation pursuant to ERISA, 29 U.S.C. §§ 1001, and 28 U.S.C. §§ 1331, 1343 (3) and (4), and 29 U.S.C. § 1132. The parties further agree that this Consent Judgment resolves all issues raised in the pleadings filed herein, and is final and binding on the parties and their agents, assigns, heirs, executors, administrators and successors.

1

2. This Consent Judgment is intended to resolve all claims between Plaintiff and Defendants in this action. The parties will exchange releases of all claims that were or could have been asserted in this action.

3. Varble agrees that he shall not directly or indirectly contact, threaten, disturb, harass, disparage, or defame Abissi in any manner, including but not limited to through a telephone, computer device, or any other electronic means. Varble further agrees that he shall not, in any manner, allow, encourage or direct any other person to directly or indirectly contact, threaten, disturb, harass, disparage, or defame Abissi in any manner, including through a telephone, computer device, or any other electronic means.

4. Forms of prohibited "contact" in paragraph 3 include but are not limited to the following: in-person; stalking; cyber-stalking; phone calls; mail or other writing; email; text messaging; social media sources (to include Facebook, Twitter, etc.); any communication through a third party.

5. This Court shall retain jurisdiction to enforce the terms of this Judgment, and may impose sanctions for any violations of its provisions, as well as money damages or other equitable relief which it deems justified, including but not limited to an award of the reasonable attorneys' fees and costs incurred in seeking the Court's enforcement.

6. Plaintiff and Defendants shall bear their own costs and attorneys' fees in this action. The Plaintiff is represented by counsel and Varble was formerly a practicing attorney in this State, although he is no longer licensed to practice law. All parties have had a full opportunity to consult counsel regarding this Judgment.


SO ORDERED this 5th day of October, 2020.

_____
UNITED STATES DISTRICT JUDGE

On behalf of Plaintiff

_____
Christopher D. Watkins
WATKINS LAW
5 Paradies Lane
New Paltz, NY 12561
(845) 419-2250

On behalf of Defendant Michael R. Varble

_____
Michael R. Varble (pro se)
[ADDRESS]
[Tel. No.]